UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-79-MOC

| | |
|---|---|
| VELVET KEENER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 13, 14). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.   Administrative History**

Plaintiff seeks judicial review of the Social Security Administration's (Agency's) decision denying her July 20, 2018, applications for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Act, 42 U.S.C. § 423(a), alleging disability beginning April 24, 2013. (Tr. 15). An Administrative Law Judge (ALJ) denied Plaintiff's claim in an August 28, 2020 decision. (Tr. 2, 15–25). The Appeals Council (AC) denied review of this decision on February 9, 2021, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). Plaintiff's insured status under Title II expired on December 31, 2018. (Tr. 17, Finding 1).

Having exhausted her administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of that decision. The Commissioner has answered Plaintiff's complaint, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment.

## II. Factual Background

The Court finds that the ALJ's findings of fact are supported by substantial evidence and therefore adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

> If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

#### a. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### b. Sequential Evaluation

The Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2). To qualify for DIB under Title II of the Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under retirement age, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. The Administrative Decision

In rendering her decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. See 20 C.F.R. § 404.1520(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The ALJ found plaintiff had the following severe

impairments: arthralgias, lumbar facet arthropathy, status post SI joint fusions, fibromyalgia, and obesity. (Tr. 17, Finding 3).

The ALJ further found that Plaintiff had the residual functional capacity (RFC)[1] to perform a restricted range of light exertional work. (Tr. 19, Finding 5). In so finding, the ALJ physically limited plaintiff to no exposure to unprotected heights or dangerous moving machinery. (Id.). Also, she can never climb ladders. (Id.). Furthermore, she can frequently climb stairs; frequently balance, stoop, crouch, kneel, and crawl; and frequently handle and finger bilaterally. (Id.). Mentally, due to distractions from her pain, she is limited to simple, routine tasks, with jobs with a GED reasoning level of no higher than 2. (Id.). With the assistance of the hearing's vocational expert (VE), the ALJ denied benefits at Step 5 of the sequential evaluation based on Plaintiff's ability to perform unskilled jobs which exists in significant numbers in the national economy, such as packer, inspector, and office helper. (Tr. 23–24, Finding 10).

## V.     Discussion

Plaintiff presents one challenge to the ALJ's decision: (1) the ALJ's RFC is not supported by substantial evidence due to failure to account properly for Plaintiff's fibromyalgia. For the following reasons, the Court finds that Plaintiff's arguments are without merit.

As mentioned, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a restricted range of light exertional work. (Tr. 19, Finding 5). In so finding, the ALJ physically limited Plaintiff to no exposure to unprotected heights or dangerous moving machinery. (Id.). Also, she can never climb ladders. (Id.). Furthermore, she can frequently climb stairs; frequently balance, stoop, crouch, kneel, and crawl; and frequently handle and finger

---

[1] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. § 404.1545.

bilaterally. (Id.). Mentally, due to distractions from her pain, she is limited to simple, routine tasks, with jobs with a GED reasoning level of no higher than 2. (Id.). This RFC has substantial evidentiary support. As noted, substantial evidence means "more than a mere scintilla" but somewhat less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971). Therefore, the existence of even a preponderance of contrary medical and psychological evidence is insufficient to defeat the ALJ's RFC, which in this case is supported by much more than a scintilla of evidence, as discussed below.

**1. The ALJ found Persuasive the Opinions of State Agency Medical Consultants**

The ALJ found the opinions of State Agency (SA) reviewing medical consultants persuasive. (Tr. 22). The ALJ noted that these consultants opined that, before her date last insured (DLI), Plaintiff can perform work at the light exertional level with additional postural limitations. (Id.). Their opinions substantially support the ALJ's RFC.

In addition, the ALJ found the opinion of the State Agency consultative examiner (CE) somewhat persuasive. (Id.). That CE opinion also mostly supports the RFC. On February 13, 2019, CE Dr. Stephen Burgess observed that Plaintiff had a normal stance and appeared stable at station despite a wide-based, unsteady, but not lurching gait. (Tr. 359). By contrast, in discussing RFC, SA Dr. Ellen Huffman-Zechman noted, among other things, that Plaintiff is capable of unlimited balancing, thereby negating any unsteady gait. (Tr. 75–78). Also, a February 19, 2020, Harris Regional Hospital medical record notes that Plaintiff has a "stable gait." (Tr. 469). A March 4, 2020, medical record from Haywood Regional Medical Center comments that on neurological exam Plaintiff evidenced "no abnormality of gait." (Tr. 514). Plaintiff also had no involuntary muscle movement. (Tr. 529). She demonstrated no tremor, head titubation, no dystonia, and no tics or twitches. (Tr. 577).

Dr. Burgess found intellectual functioning was normal. (Tr. 359). Examination of the hands revealed no tenderness, redness, warmth, swelling, or atrophy. (Tr. 360). Examination of the legs revealed no tenderness, redness, warmth, swelling, fluid, laxity or crepitus of the knees, ankles, or feet. (Id.). Examination of the cervical spine revealed no tenderness to percussion over the spinous processes. Dr. Burgess concluded that Plaintiff's ability to perform work-related activities was only "mildly impaired [emphasis supplied] due to the sum of physical findings." (Id.).

Therefore, the opinions of medical reviewing and examining consultants substantially support the parameters of the ALJ's RFC. See Lusk v. Astrue, No. 1:11 cv-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant evidence).

**2. Plaintiff's Fibromyalgia**

The ALJ gave Plaintiff the benefit of the doubt by finding that she had severe fibromyalgia. Social Security Ruling (SSR) 12-2p on evaluation of fibromyalgia, cited by Plaintiff, requires one of two criteria to validate this impairment. Plaintiff does not meet either. One criterion is "at least 11 positive tender points on physical examination." The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist. Plaintiff, who has the burden of proof, has not produced evidence in the medical record to satisfy this SSR criterion. As noted by the ALJ, Plaintiff had no trigger points in the cervical spine but did have trigger points in the bilateral gluteus medius and minimus, which are muscles on both sides of the hip. (Tr. 20). However, those two points are only in one of the 18 tender point sites identified and diagrammed in SSR 12-2p. There is also mention before alleged

disability onset of one right trapezius trigger point. (Tr. 286). However, that finding was accompanied by a contradictory finding of no palpable trigger points or localized swelling in gluteal muscle. (Tr. 295).

Plaintiff also had some pain before alleged disability onset from iliolumbar ligament syndrome, which is related to ligamentous laxity and not fibromyalgia. (Tr. 256). This is only described in the medical records of Plaintiff as "fibromyalgia-<u>like</u>." (Tr. 259) (emphasis added). This finding occurred on February 14, 2014, which is before alleged disability onset. (Tr. 256, 259). At that time, Dr. Stephen Blievernicht injected Plaintiff lumbar spine to relieve muscle pain. (<u>Id.</u>). Plaintiff related a long history of back problems with screw fixation surgery in May 2011. (<u>Id.</u>). There is no evidence in the record that this back surgery caused fibromyalgia.

The alternative second criterion for SSR 12-2p involves a history of widespread pain, repeated evidence of six FM conditions such as fatigue, cognitive, and memory problems, with exclusion of other impairments that could cause these conditions. Again, Plaintiff, who has the burden of proof, has not submitted evidence meeting this criterion. To the contrary, from a fibromyalgia aspect, CE Dr. Burgess found no evidence of paravertebral muscle spasm and "no trigger points noted in this area." (Tr. 360). Again, for the thoracic spine, he found no evidence of paravertebral muscle spasm. (Tr. 361). Also, there was no tenderness to percussion of the dorsolumbar spinous processes and straight leg raise test in the supine position was normal bilaterally. (Tr. 360).

It is the claimant's burden to establish how any medically determinable impairments affect functioning vis-à-vis RFC. <u>See</u> 20 C.F.R. §§ 404.1512(c) & 416.912(c); <u>see also, e.g.</u>, <u>Stormo v. Barnhart</u>, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the

Commissioner at step five" ); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) (" [t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC" ) (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App' x 795 (4th Cir. Nov. 6, 2012).

It is also Plaintiff's burden to establish a specific functional limitation (in excess of the ALJ's RFC finding). See Durham v. Saul, No. 3:20-cv-00295-KDB, 2021 WL 1700353, at *5 (W.D.N.C. Apr. 29, 2021) ("Plaintiff not the Commissioner bears the burden of establishing h[is] limitations . . . .") (citing Hendrickson v. Berryhill, No. 1:16-cv-00367-MOC-DLH, 2018 WL 1431751, at *7 (W.D.N.C. Mar. 22, 2018) ("A claimant has the burden to prove the extent of his functional limitations; it is not the ALJ's burden to prove a lack of limitations.") (citing Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013)). Plaintiff has failed to meet her burden.

Plaintiff also contends that the ALJ improperly evaluated Plaintiff's fibromyalgia from a purely objective standard without consideration of a subjective non-exertional analysis. This is incorrect. In the denial decision, the ALJ wrote: "The claimant's fibromyalgia has been considered in limiting the claimant . . . to the performance of simple, routine tasks, with jobs of a GED reasoning level of no higher than 2." (Tr. 22). The ALJ also found that Plaintiff's fibromyalgia did not equal inflammatory Listing 14.09D because Plaintiff does not have "repeated manifestations with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and because the claimant does not have marked level of limitation in activities of daily living, social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." (Tr. 19).

Finally, it is the ALJ's and not the court's duty to resolve any conflicts in the evidence such as conflicting findings. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.")); Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the Commissioner and not the courts to resolve inconsistencies in the evidence, and that it is the claimant who bears the risk of non-persuasion."). When a district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In sum, for the reasons stated herein, substantial evidence supports the ALJ's decision. Therefore, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

### VI. Conclusion

The Court has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 13) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 14) is **GRANTED;** and

(4) This action is **DISMISSED.**

Signed: January 27, 2022

Max O. Cogburn Jr.
United States District Judge